■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL ELIZONDO, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J., at trial and sentence), rendered June 21, 1989, convicting defendant of criminal possession of a controlled substance in the fourth degree and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of 5 to 10 years, unanimously affirmed.

Defendant's contention that the People failed to prove his guilt beyond a reasonable doubt because of inconsistencies in the testimony of the two officers is without merit. There is no appreciable discrepancy between the descriptions of the parcel containing the drugs as a "black pouch" and as a "crumpled paper bag containing a black pouch." Defendant's own witness testified that defendant possessed a crumpled paper bag. Nor does a discrepancy as to whether the exchange of narcotics took place on the north or south side of the street raise a reasonable doubt.

Similarly unavailing is defendant's claim that the People failed to prove his possession of the drugs was "knowing", in light of the defense witness's testimony that defendant was innocently on the scene waiting for a bus and had picked the parcel out of the garbage. Police officers received a radio run to investigate drug activity involving a described seller at a specified location. They observed a person fitting the broadcast

description pass a parcel to defendant and then leave the scene quickly. When the police approached and defendant was requested to stop, he did so only after discarding the parcel and after the arresting officer made three requests and trotted after him. The defense witness's testimony of innocent presence is discredited by testimony that the bus came and went without any attempt by defendant to board, and that after the parcel exchange, defendant began to move away from the bus stop area. Additionally, the defense witness's testimony was peppered with inconsistencies that would tend to lead a reasonable trier of fact to believe that it was tailored to suit the defense.

We do not find the sentence imposed to be excessive. Concur —Kupferman, J. P., Sullivan, Milonas, Rosenberger and Kassal, JJ.